# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROXANA TANKER POOL INC., | |
| Plaintiff, | **OPINION** |
| v. | Civ. No. 17-cv-01763 (WHW)(CLW) |
| SAFESEA TRANSPORT INC., | |
| Defendant. | |

**Walls, Senior District Judge**

Plaintiff Roxana Tanker Pool Inc. ("Roxana") moves this Court for a default judgment under Fed. R. Civ. P. 55(b)(2) as to Defendant Safesea Transport Inc. ("STI"). The lawsuit alleges that Defendant has not paid ocean freight, demurrage, and associated charges owed to Plaintiff under an August 2015 voyage charter agreement. STI has failed to plead or otherwise defend the lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Roxana Tanker is a business entity duly organized and existing under the laws of the Marshall Islands. Compl., ECF No. 1 ¶ 2. Defendant Safesea Transport is a corporation organized and existing under the laws of New Jersey with its principal place of business in Piscataway, New Jersey. *Id.* ¶ 3. Plaintiff alleges that Safesea Steamship PVT LTD ("SSP") is a shell corporation and alter-ego of STI, through which STI conducts business. *Id.* ¶¶ 19–25.

Roxana, as disponent owner, and SSP, as charterer, of the Oil Tanker Marvel entered into a voyage charter agreement ("Voyage Charter") by fixture note and addendum dated August 10,

1

2015 and August 12, 2015 for the carriage of a cargo of fuel oil from Jebel Ali, Dubai or Fujairah, United Arab Emirates to Sudan. *Id.* ¶ 4; Keane Decl., ECF No. 7, Ex. 4. Under the Voyage Charter, SSP was responsible for payment to Roxana of hire, freight, bunkers, commissions, demurrage, detention, port fees, and other associated costs accruing during the execution of the Voyage Charter. Keane Decl., ECF No. 7, Ex. 4. The agreement also included a full guarantee by STI, which read: "FIXTURE GUARANTEED BY CHARTERERS PARENT COMPANY SAFESEA TRANSPORT INC., USA HEADQUARTERED IN NEW JERSEY, ONLY FOR THIS FIXTURE" (emphasis in original). *Id.*

At the conclusion of the discharge on September 11, 2015, the Marvel was calculated to have been on demurrage for 24 days, 12 hours, and 5 minutes, resulting, after deduction of commission, in $542,710.21 owed to Roxana. ECF No. 1 ¶ 7. SSP tendered $325,000, leaving $217,710.11 due and owing under the contract. *Id.* Throughout September 2016, Roxana and SSP exchanged emails about the remaining contract balance. *Id.* ¶¶ 8–10; ECF No. 7, Ex. 5. SSP repeatedly confirmed that they were not denying payment, but asked for Roxana's "understanding considering the turbulent shipping market." ECF No. 1 ¶ 8; ECF No. 7, Ex. 5. On September 23, 2016, Roxana sent its final invoice to SSP for the $217,710.11 outstanding demurrage. ECF No. 1 ¶ 9; ECF No. 7, Ex. 5.

On October 20, 2016, Roxana began as dictated by the Voyage Charter by serving SSP and STI notice of the appointment of Christopher Moss as their chosen arbitrator. ECF No. 1 ¶ 11. Neither SSP nor STI responded to the appointment by either appointing their own arbitrator or agreeing to proceed with Mr. Moss. *Id.* ¶ 12. On November 28, 2016, Ms. Sarra Kay was unilaterally appointed as the second arbitrator in accordance with the London arbitration's rules and procedures. *Id.* Plaintiffs recently reported to the Court that since this appointment there has

been no activity in the arbitration, and "Safesea Steamship Pvt Ltd. remains in default in London." ECF No. 10 at 1.

Plaintiff filed this action on March 16, 2017. ECF No. 1. Service of process was made upon STI at STI's corporate headquarters in Piscataway, New Jersey, and personally accepted by Preeta Thadani, an individual authorized to accept such service. ECF No. 7, Ex. 2. To date, Defendant has not answered the Complaint or made an appearance in the lawsuit. However, Plaintiff reports that since the filing of the Complaint, Defendant has paid $100,000 of the outstanding debt. ECF No. 8 at 6. Defendant now seeks $117,710.11 in damages plus filing and service costs for a total award of $118,170.10. *Id.* On May 12, 2017, the Clerk of Court entered default against STI for failure to plead or otherwise defend. On May 17, 2017, Plaintiffs filed this motion for Default Judgment under Fed. R. Civ. P. 55(b)(2). ECF No. 6. Defendant has not responded.

## STANDARD FOR DEFAULT JUDGMENT

When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider three factors: (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). A court must also make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *See Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). Similarly, a court does not accept

as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a hearing is unnecessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. Default Judgment is Appropriate

This action is based on Defendant's alleged breach of its performance guarantee of the Voyage Charter. ECF No. 1 ¶¶ 32–34. To prevail on a breach of contract claim, the claimant must prove existence of a contract, breach, damages and that the claimant performed his own contractual obligations. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Like any other contract, a guarantee must be supported by consideration to be enforceable. *Great Falls Bank v. Pardo*, 263 N.J. Super. 388, 400 (Ch. Div. 1993) *aff'd*, 273 N.J. Super. 542 (App. Div. 1994). A guarantee can be supported by the same consideration that supported the original contract on which it is based only, where, as is the case here, the guarantee and the original contract were executed simultaneously. *Sapta Glob., Inc. v. Cilicorp*, LLC, No. CIV. 13-3698 KM MAH, 2015 WL 1469600, at *6 n.5 (D.N.J. Mar. 30, 2015).

The unchallenged facts demonstrate that the Voyage Charter is a valid contract, which Plaintiff satisfactorily performed, and that Defendant breached by failing to guarantee payment. The Court next reviews the *Chamberlain* factors to assess whether default judgment is appropriate. Plaintiff will suffer prejudice if default is denied because SSP and STI have refused to arbitrate under the terms of the Voyage Charter, and STI now refuses to defend this action. While Roxana's claims would ordinarily be subject to arbitration, STI has waived any right to

compel arbitration due to the default in London. *See AT&T Corp. v. Innocom Telecom LLC*, No. C-06-05400 EDL, 2007 WL 163193, at *3 (N.D. Cal. Jan. 17, 2007); *cf. Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1200 (9th Cir. 2003). Moreover, Roxana has already waited almost twenty months to be paid the total amount owed under the Voyage Charter and there are no facts to suggest Defendant has litigable defenses. The Court finds that default judgment is appropriate.

## II. The Amount of Damages Is Satisfactorily Established

Plaintiff seeks $117,710.11 in damages in unpaid ocean freight, demurrage, and associated charges, plus post-judgment interest for Defendant's breach of its performance guarantee of the Voyage Charter agreement. ECF No. 1 ¶¶ 32–40. Plaintiff also seeks $459.99 in costs, including the Court's filing fee ($400.00) and the process server's fee ($59.99). ECF No. 8 at 6; Keane Decl., ECF No. 7 ¶ 12. The Court has reviewed Plaintiff's submissions and concludes that the damages calculations are accurate and the costs are reasonable. *See* Keane Decl., ECF No. 7, Ex. 5 (proof of damages); *see* Keane Decl., ECF No. 7 ¶ 12 (proof of costs).

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendant Safesea Transport Inc. in the amount of $118,170.10, plus post-judgment interest, consisting of (a) $117,710.11 in damages and (b) $459.99 in costs. An appropriate order follows.

DATE: 10 July 2017

William H. Walls
Senior United States District Court Judge